IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY MCCRAY, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA; TYCO )<br>INTERNATIONAL, INC., )<br>)<br>     Defendant. ) | CIVIL ACTION NO.<br>2:06-CV-987-WKW |

## TYCO INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Tyco International, Inc. ("Tyco" or "Defendant"), by and through its counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, Tyco denies the material allegations of the Complaint and demands strict proof thereof. Tyco responds to the individually numbered allegations of the Complaint as follows:

### Introductory Allegations

1. Upon information and belief, Tyco admits that Plaintiff is a resident of Montgomery County, Alabama.

2. Tyco denies the allegations in paragraph 2 of Plaintiff's Complaint and demands strict proof thereof. Tyco is without sufficient knowledge to form a belief as to the truth of the remaining allegations that relate to Life Insurance Company of North America ("LINA") in paragraph 2 of Plaintiff's Complaint.

3. Tyco admits that Plaintiff ceased work on or about June 5, 2005, but denies that Plaintiff ceased work due to a disability as that term is defined in the applicable long-term disability coverage with LINA. Tyco also admits that at the time Plaintiff ceased work, he was

employed as a Sales Representative for Tyco. Tyco denies the remaining allegations of this paragraph and demands strict proof thereof.

4. Tyco denies that Policy No. LK-980001 identifies Tyco as the Plan Administrator, but admits that it serves in this capacity. Upon information and belief, Tyco admits the remaining allegations in paragraph 4 of Plaintiff's Complaint.

## COUNT I

### For Denial of Disability Benefits

5. In response to the allegations of paragraph 5 of Plaintiff's Complaint, Tyco reasserts its responses to paragraphs 1 through 4 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

6. Tyco denies the allegations in paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. Tyco admits the allegations in paragraph 7 of Plaintiff's Complaint.

8. Tyco denies the allegations in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

In response to the unnumbered "Wherefore" clause at the conclusion of Count I of Plaintiff's Complaint, Tyco states that Plaintiff is not due the relief requested therein or any relief whatsoever. Tyco further states that Plaintiff's Complaint is due to be dismissed.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Defendant pleads that the transaction alleged was voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the terms of the Plan were fully disclosed to the Plaintiff, that the Plaintiff knowingly entered into the transaction, having either understood the transaction or having failed

to avail himself of the opportunity to understand the transaction.

## SECOND DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

## THIRD DEFENSE

Plaintiff is barred from recovery in this action because of his failure to mitigate his alleged damages, if any.

## FOURTH DEFENSE

In further answer, and in the alternative, Tyco states that all actions taken were in accord with the Policy's provisions, the denial of Plaintiff's claim for benefits was correct, legitimate and reasonable and not arbitrary nor capricious, and there was no abuse of discretion in the administration of the Policy or Plan with respect to Plaintiff.

## FIFTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the 24 month mental illness limitation, alcoholism and drug abuse limitation, recoupment, and offset provisions as provided for in the Policy.

## SIXTH DEFENSE

Plaintiff's claims and demands for relief are preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, *et seq.*

## SEVENTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

**EIGHTH DEFENSE**

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

**NINTH DEFENSE**

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

**TENTH DEFENSE**

Defendant asserts that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

**ELEVENTH DEFENSE**

Defendant denies each and every allegation in Plaintiff's Complaint except as specifically admitted herein.

**TWELFTH DEFENSE**

Defendant denies it is required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions.

**THIRTEENTH DEFENSE**

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendant such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

**FOURTEENTH DEFENSE**

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendant reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

## FIFTEENTH DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

## SIXTEENTH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to extracontractual or compensatory damages under ERISA.

## EIGHTEENTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

## NINTEENTH DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

## TWENTIETH DEFENSE

Tyco reserves the right to assert other defenses and claims when and if they become appropriate during this action. Tyco hereby specifically denies any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, Tyco, by and through its counsel, respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint; awarding Tyco the costs expended herein, including its reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.

        <u>s/ Grace R. Murphy</u>
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
Attorneys for Defendant
Tyco International, Inc.

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: John Pennington, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    [none]


                                              s/ Grace R. Murphy____
                                              OF COUNSEL