IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RODNEY MCCRAY,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**LIFE INSURANCE COMPANY OF** )<br>**NORTH AMERICA; TYCO** )<br>**INTERNATIONAL, INC.,** )<br>)<br>**Defendant.** ) | **CIVIL ACTION NO.**<br>**2:06-CV-987-WKW** |

## LIFE INSURANCE COMPANY OF NORTH AMERICA'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Life Insurance Company of North America ("LINA" or "Defendant"), by and through its counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, LINA denies the material allegations of the Complaint and demands strict proof thereof. LINA responds to the individually numbered allegations of the Complaint as follows:

**Introductory Allegations**

1.    Upon information and belief, LINA admits that Plaintiff is a resident of Montgomery County, Alabama.

2.    LINA admits the allegations in paragraph 2 of Plaintiff's Complaint that relate to LINA. LINA is without sufficient knowledge to form a belief as to the truth of the remaining allegations that relate to Tyco International ("Tyco") in paragraph 2 of Plaintiff's Complaint.

3.    LINA admits that Plaintiff ceased work on or about June 5, 2005, but denies that Plaintiff ceased work due to a disability as that term is defined in the applicable long-term disability coverage. LINA also admits that at the time Plaintiff ceased work, he was employed as a Sales Representative for Tyco. LINA denies the remaining allegations of this paragraph and

demands strict proof thereof.

4. LINA denies that Policy No. LK-980001 identifies Tyco as the Plan Administrator, but admits that it serves in this capacity. LINA admits the remaining allegations in paragraph 4 of Plaintiff's Complaint.

## COUNT I

### For Denial of Disability Benefits

5. In response to the allegations of paragraph 5 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 through 4 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

6. LINA denies the allegations in paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. LINA admits the allegations in paragraph 7 of Plaintiff's Complaint.

8. LINA denies the allegations in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

In response to the unnumbered "Wherefore" clause at the conclusion of Count I of Plaintiff's Complaint, LINA states that Plaintiff is not due the relief requested therein or any relief whatsoever. LINA further states that Plaintiff's Complaint is due to be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant pleads that the transaction alleged was voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the terms of the Plan were fully disclosed to the Plaintiff, that the Plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to avail himself of the opportunity to understand the transaction.

## SECOND DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

## THIRD DEFENSE

Plaintiff is barred from recovery in this action because of his failure to mitigate his alleged damages, if any.

## FOURTH DEFENSE

In further answer, and in the alternative, LINA states that all actions taken were in accord with the Policy's provisions, the denial of Plaintiff's claim for benefits was correct, legitimate and reasonable and not arbitrary nor capricious, and there was no abuse of discretion in the administration of the Policy or Plan with respect to Plaintiff.

## FIFTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the 24 month mental illness limitation, alcoholism and drug abuse limitation, recoupment, and offset provisions as provided for in the Policy.

## SIXTH DEFENSE

Plaintiff's claims and demands for relief are preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, *et seq.*

## SEVENTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

## EIGHTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## NINTH DEFENSE

Plaintiff's claims are barred because Defendant discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## TENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## ELEVENTH DEFENSE

Defendant asserts that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

## TWELFTH DEFENSE

Defendant denies each and every allegation in Plaintiff's Complaint except as specifically admitted herein.

## THIRTEENTH DEFENSE

Defendant denies it is required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions.

## FOURTEENTH DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendant such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

**FIFTEENTH DEFENSE**

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendant reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

**SIXTEENTH DEFENSE**

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

**SEVENTEENTH DEFENSE**

The termination of Plaintiff's claims was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

**EIGHTEENTH DEFENSE**

The factual determinations and interpretations of the Plan were the correct and best interpretations of the Plan's terms and available evidence.

**NINETEENTH DEFENSE**

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

**TWENTIETH DEFENSE**

Plaintiff is not entitled to extracontractual or compensatory damages under ERISA.

**TWENTY-FIRST DEFENSE**

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

**TWENTY-SECOND DEFENSE**

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

**TWENTY-THIRD DEFENSE**

LINA reserves the right to assert other defenses and claims when and if they become appropriate during this action. LINA hereby specifically denies any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, LINA, by and through its counsel, respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint; awarding LINA the costs expended herein, including its reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.

    s/ Grace R. Murphy_____
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
Attorneys for Defendant
Life Insurance Company of North America

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: John Pennington, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    [none]

                                        s/ Grace R. Murphy_____
                                        OF COUNSEL