IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY MCCRAY,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>LIFE INSURANCE COMPANY OF  )<br>NORTH AMERICA; TYCO  )<br>INTERNATIONAL, INC.,  )<br>  )<br>    Defendant.  )<br>  ) | CIVIL ACTION NO.<br>2:06-CV-987-WKW |

**REPORT OF PARTIES PLANNING MEETING**

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on Wednesday, December 27, 2006 and was attended by John Pennington on behalf of Plaintiff and Grace Robinson Murphy on behalf of Defendants Life Insurance Company of North America and Tyco International, Inc.

2.  **Pre-Discovery Disclosures**. The parties will exchange the information required by Local Rule 26.1(a)(1) on or before **January 16, 2007**.

3.  **General Claims/Defenses/Discovery Plan**. The general claims and defenses of the parties are as follows:

    a.  Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by his employer, Defendant Tyco International, Inc., to provide long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant, Life Insurance Company of North America. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that denial of his benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees.

    b.  Defendants deny the general allegations of Plaintiff's Complaint and, in response, state that Defendant LINA properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable coverage made available to Plaintiff through his employer.

>Specifically, Defendant LINA contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant LINA also states that its claims decision was in accordance with the Plan provisions, legally correct, and neither arbitrary nor capricious.

The parties jointly propose to the Court the following discovery plan:

>**Defendants contend** that discovery in an ERISA case, such as this one, is limited to the evidence in the administrative record at the time a benefit determination(s) was made and, of course, the plan documents themselves.

>**Plaintiff contends** that the *de novo* standard of review applies to this case, and that discovery should be allowed. In the alternative, should the arbitrary and capricious standard of review apply, Plaintiff contends that discovery should be allowed on certain issues including: (1) the exact nature of the information considered by the fiduciaries in making the decision; (2) whether the fiduciaries were competent to evaluate the information in the administrative record; (3) how the fiduciaries reached their decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciaries to seek additional outside technical assistance, including an independent medical examination, in reaching a "fair and full review" of the claim; (5) to determine whether the fiduciaries followed their policies and procedures in adjusting the claim; (6) to determine whether the fiduciaries honestly interpreted the information in the administrative record; and (7) to determine whether the Plan afforded discretion to the claims administrator, and, if so, whether a conflict of interest existed, and the extent thereof.

a.     In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, discovery will be needed on the following subjects:

>>(i.)     All factual allegations and claims made by Plaintiff in his Complaint;

>>(ii.)     All damages claimed by Plaintiff in this matter; and

>>(iii.)     All defenses raised by Defendants in this matter.

Disclosure or discovery of electronically stored information should be handled as follows: Defendant LINA intends to produce in paper format the non-privileged sections of the

electronic claims diary and non-privileged electronic correspondence maintained as part of the administrative record of this case.

      b.    All discovery commenced in time to be completed by **June 13, 2007**.

      c.    Maximum of **30** interrogatories by each party to any other party without prior approval of the Court.  Maximum of **30** requests for production by each party to any other party without prior approval of the Court.  Maximum of **30** requests for admission by each party to any other party with prior approval of the Court.  (Responses due **30** days after service).

      d.    Maximum of **5** depositions by Plaintiff and **5** by Defendants without the prior approval of the Court.

      e.    Reports from retained experts under Rule 26(a)(2) due:

          (i)    from **Plaintiff** by **April 5, 2007**

          (ii)    from **Defendants** by **May 10, 2007**

      f.    Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

    4.    **Other Items**.

      a.    The parties do not request a conference with the Court prior to entry of the Scheduling Order.

      b.    Plaintiff should be allowed until **February 14, 2007** to join additional parties and to amend the pleadings.

      c.    Defendants should be allowed until **March 15, 2007** to join additional parties and to amend the pleadings.

      d.    All potentially dispositive motions should be filed by **July 10, 2007**.

      e.      The parties are receptive to mediation but do not request Court ordered mediation at this time.  The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

      f.      The Parties request a final pretrial conference in or after **early September 2007**.

      g.      Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

      h.      Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

      i.      The case should be ready for a non-jury trial by **October 15, 2007** and at this time is expected to take approximately **1-2 days**.

Respectfully submitted:      December 27, 2006

                                      s/ John M. Pennington_____
                                      John M. Pennington
                                      Attorney for Plaintiff Rodney McCray

**OF COUNSEL:**
The Pennington Law Firm
4000 Eagle Point Corporate Drive, Suite 100
Birmingham, AL 35242-1901
(205) 314-5735

                                      s/ Grace Robinson Murphy_____
                                      William B. Wahlheim, Jr.
                                      John David Collins
                                      Grace Robinson Murphy
                                      Attorneys for Defendants Life Insurance
                                      Company of North America, Tyco
                                      International, Inc.

**OF COUNSEL**:
MAYNARD, COOPER AND GALE, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: John Pennington, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    [none]


                                        s/ Grace R. Murphy\_\_\_\_
                                        OF COUNSEL